UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CREDIT ACCEPTANCE CORPORATION, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. 4:15-CV-555-CEJ |
| | ) |
| DARREN M. NIEMEIER, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on a petition to compel arbitration, pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1, *et seq.* Also before the Court is respondent's motion to dismiss the petition for failure to state a claim. The issues are fully briefed.

### I.  Background

On June 27, 2014, respondent purchased a used automobile from the car dealership where he worked. To fund the purchase, respondent executed a retail installment contract with the dealership, which the dealership then assigned to petitioner. The installment contract contains an arbitration provision, which states in relevant part:

> A[n] [arbitrable] "dispute" is any controversy or claim between You and Us arising out of or in any way related to this Contract . . . . "Dispute" shall have the broadest meaning possible . . . . Notwithstanding the foregoing, "Dispute" does not include . . . any repossession of the Vehicle upon Your default and any exercise of the power of sale of the Vehicle under this Contract or any individual action by You to prevent Us from using any such remedy, so long as such individual action does not involve a request for monetary relief of any kind. . . . Either You or We may require any Dispute to be arbitrated . . . . If You or We elect to arbitrate a Dispute, this Arbitration Clause applies. A Dispute shall be fully resolved by binding arbitration. . . . Notwithstanding the foregoing, We retain the right to

repossess the Vehicle upon Your default and to exercise any power of sale under this Contract.

[Doc. #1-1]

Respondent brought a state court action against petitioner and the dealership, asserting claims of conversion and violation of the Missouri Merchandising Practices Act, Mo. Rev. Stat. §§ 407.010, *et seq*. The state court proceedings are stayed pending the outcome of the instant petition to compel arbitration.

## II. Discussion

The FAA provides that an agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "The FAA establishes a liberal federal policy favoring arbitration agreements." *M.A. Mortenson Co. v. Saunders Concrete Co.*, 676 F.3d 1153, 1156–57 (8th Cir. 2012) (quotation marks and citation omitted). An arbitration agreement is to be placed "on an equal footing with other contracts" and must be enforced according to its terms. *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1745 (2011).

However, "an arbitration provision is severable from the remainder of the contract," and a court must "consider the challenge" to the arbitration agreement itself "before ordering compliance with that agreement." *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 70–71 (2010). Where a party raises such a challenge, the "validity [of the arbitration agreement] is subject to initial court determination; but the validity of the remainder of the contract (if the arbitration provision is valid) is for the arbitrator to decide." *Nitro-Lift Technologies, L.L.C. v. Howard*, 133 S. Ct. 500, 503 (2012) (per curiam). Ultimately, "any doubts concerning the scope of

2

arbitrable issues should be resolved in favor of arbitration . . . ." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24–25 (1983).

A court must grant a party's motion to compel arbitration if (1) "a valid agreement to arbitrate exists," and, if so, (2) "the dispute falls within the scope of that agreement." *Newspaper Guild of St. Louis, Local 36047 v. St. Louis Post Dispatch, LLC*, 641 F.3d 263, 266 (8th Cir. 2011). "[S]tate contract law governs the threshold question of whether an enforceable arbitration agreement exists between litigants; if an enforceable agreement exists, the federal substantive law of arbitrability governs whether the litigants' dispute falls within the scope of the arbitration agreement." *Donaldson Co. v. Burroughs Diesel, Inc.*, 581 F.3d 726, 731 (8th Cir. 2009); *see Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630 (2009).

Respondent does not dispute that his claims fall within the terms of the arbitration agreement. Rather, he challenges the validity of the agreement, which the parties agree is governed by Missouri law. "Under Missouri law, the basic elements of a contract are offer, acceptance of that offer, and consideration to support the contract." *Karzon v. AT&T, Inc.*, No. 4:13-CV-2202-CEJ, 2014 WL 51331, at *2 (E.D. Mo. Jan. 7, 2014) (citing *Citibank (S. Dakota), N.A. v. Wilson*, 160 S.W.3d 810, 813 (Mo. Ct. App. 2005)). Respondent does not contest that the arbitration agreement was offered to him and that he accepted it. He contends only that the agreement fails for lack of mutual consideration.

Under Missouri law, "[c]onsideration generally consists either of a promise (to do or refrain from doing something) or the transfer or giving up of something of value to the other party." *Marzette v. Anheuser-Busch, Inc.*, 371 S.W.3d 49, 52 (Mo. Ct. App. 2012) (quotation marks and citation omitted). "Generally, if a

3

contract contains mutual promises, such that a legal duty or liability is imposed on each party as a promisor to the other party as a promisee, the contract is a bilateral contract supported by sufficient consideration." *Id.* at 53 (quotation marks and citation omitted). But "[a] contract that purports to exchange mutual promises will be construed to lack legal consideration if one party retains the unilateral right to modify or alter the contract as to permit the party to unilaterally divest itself of an obligation to perform the promise initially made." *Frye v. Speedway Chevrolet Cadillac*, 321 S.W.3d 429, 442 (Mo. Ct. App. 2010).

Here, respondent argues that the arbitration agreement fails for want of mutual consideration. The basis for his argument is that, on one hand, the agreement provides for arbitration of all "disputes," with that term being defined as having "the broadest meaning possible," while on the other hand, the agreement allows petitioner to unilaterally avoid arbitration by availing itself of the remedy of repossession. In support of this argument, respondent cites *Greene v. Alliance Automotive, Inc.*, 435 S.W.3d 646 (Mo. Ct. App. 2014). In that case, the court held that the arbitration agreement at issue lacked mutual consideration because at the same time it purported to subject "any dispute" regarding the purchase contract to arbitration, it simultaneously provided the seller the right to exercise self-help remedies, such as repossessing the vehicle. *Id.* In other words, the arbitration agreement subjected the buyer to arbitration of "all disputes," while it permitted the seller to unilaterally opt-out of arbitrating certain "disputes." *Id.*

The Court disagrees with respondent's argument. First, the agreement explicitly states that either party can compel arbitration when there is a "dispute." Thus both parties are giving up something (their right to come to court) if either

4

party invokes the arbitration agreement in a "dispute." That is mutual consideration. Second, unlike in *Greene*, petitioner has not kept for itself the authority to opt out of its promise to arbitrate "disputes." The agreement here defines a "dispute" to include certain disagreements that might arise over the vehicle, but not others. It merely establishes that petitioner and respondent each have the power to elect arbitration where there is a "dispute," and neither has the power to elect arbitration where a disagreement arises that is not a "dispute," *e.g.*, if petitioner exercises its right to repossession upon default. That is not an opt-out provision; it does not grant petitioner a unilateral right to divest itself of its promise to arbitrate what the agreement defines as "disputes." Thus, *Greene*'s holding is inapposite, and the arbitration agreement in this case does not fail for lack of mutual consideration.

* * * * *

For the foregoing reasons, the Court concludes that the agreement to arbitrate is valid and that respondent's claims fall within the scope of the agreement. Under the FAA, when a court finds the claims raised in an action are properly referable to arbitration, it should generally stay the action until arbitration proceedings are concluded. *Fleischli v. N. Pole US, LLC*, 4:12-CV-1618-CDP, 2013 WL 1965120, at *14 (E.D. Mo. May 10, 2013) (citing 9 U.S.C. § 3).

Accordingly,

**IT IS HEREBY ORDERED** that respondent's motion to dismiss [Doc. #13] is **denied**.

**IT IS FURTHER ORDERED** that the petition to compel arbitration [Doc. #1] is **granted**.

5

**IT IS FURTHER ORDERED** that this matter is **stayed** pending completion of arbitration.

**IT IS FURTHER ORDERED** that, not later than ten (10) days after the conclusion of the arbitration, the parties shall file a notice informing the Court that the arbitration has concluded. If the arbitration is not concluded by January 1, 2016, the parties must on that date file a joint report setting forth the status of the arbitration.

                                                          CAROL E. JACKSON
                                                          UNITED STATES DISTRICT JUDGE

Dated this 10th day of July, 2015.